# In the United States Court of Federal Claims

No. 23-727
Filed: June 23, 2025

|  |  |
|---|---|
| DEKISTON BLACKWELL-KING, aka DEKISTON RESHON BLACKWELL, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant*. | ) ) ) |

## **ORDER**

When Plaintiff Dekiston Blackwell-King, aka Dekiston Reshon Blackwell, appearing pro se, filed his complaint, he filed an incomplete Motion for Leave to Proceed in forma pauperis ("IFP Motion").  ECF No. 2.  The court denied the IFP Motion because it omitted certain information required by statute.  *See* ECF No. 9.  The court ordered Mr. Blackwell-King to either pay the $402.00 in required fees[1]—a $350.00 filing fee plus a $52.00 administrative fee—or submit a complete IFP application by July 13, 2023.  ECF No. 9.  Mr. Blackwell-King was notified that if he did not comply with the court's order, his complaint would be dismissed.  *Id*. He did not submit his completed IFP application (or respond at all), nor did he respond to the Government's motion to dismiss.  Because Mr. Blackwell-King failed to pay the filing fees or to submit a complete IFP application by the deadline, the court dismissed this action on August 22, 2023.  ECF No. 11.

In June 2025, Mr. Blackwell-King filed an "objection to an unlawful fee demand," and a "motion to motion to reinstate" his action, which collectively were filed on the docket by the court's leave as a motion for relief from judgment.  ECF No. 14.  In his motion, Mr. Blackwell-King asserts the court "denied Petitioner's application to proceed in forma pauperis and required $402.00 for the matter to be heard."  ECF No. 14 at 3.  But that is not correct.  The court explained what information was missing from the application to proceed in forma pauperis and ordered Mr. Blackwell-King "*either* pay the $402.00 in required fees *or* submit a completed IFP application."  ECF No. 9 at 1 (emphasis added).  He did neither.

---

[1] The filing fee amount reflects the filing fee schedule applicable in June 2023, when the court ordered payment.  *See* ECF No. 9.  Since December 2023, the filing fee is $405.  *See* U.S. Court of Federal Claims Schedule of Fees, *available at* https://www.uscfc.uscourts.gov/sites/cfc/files/fee_schedule.pdf.

This motion is thus based on a faulty premise—this court never demanded a filing fee, it simply required Mr. Blackwell-King supply the court with information required by statute if he wished to proceed in forma pauperis. *See* ECF No. 9. And the court made clear that failing to provide the information or pay the filing fee would result in the dismissal of this case. *Id*. In the end, Mr. Blackwell-King failed to comply with the court's order and the court dismissed this case as it said it would. Further, Mr. Blackwell-King failed to respond to the Government's motion to dismiss. Nearly two years later, he seeks relief from judgment. ECF No. 14.

There is no basis to grant relief from the judgment in this case. First, as explained above, this court did not demand payment from Mr. Blackwell-King, it ordered that he provide information or pay the fee. Second, the motion for relief is untimely. Assuming this is a motion under RCFC 60, it would appear to be under RCFC 60(b)(1) because Mr. Blackwell-King appears to argue that the court's dismissal was based on a mistake of law. *See* ECF No. 14 at 3-6. This court's rules require such a motion be filed "no more than a year after the entry of the judgment . . . ." RCFC 60(c)(1). Alternatively, if the court considered the motion under Rule 59, the motion was due 28 days after the entry of judgment. RCFC 59(b)(1). The court entered judgment on August 24, 2023. ECF No. 12. The court did not receive Mr. Blackwell-King's motion for relief until June 2, 2025. It is thus untimely under both RCFC 59 and 60.

Accordingly, the court DENIES Mr. Blackwell-King's motion for relief from judgment, ECF No. 14.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge